CHERYL CAULEY (SBN 252262)
Cheryl.cauley@bakerbotts.com
YAN ZHANG (SBN 248531)
Yan.zhang@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road, Suite 200
Palo Alto, CA 94304
Phone: 650-739-7500
Fax: 650-739-7699

Attorneys for Petitioners Global Industrial Investment Limited and China Fortune Land Development

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GLOBAL INDUSTRIAL INVESTMENT LIMITED and CHINA FORTUNE LAND DEVELOPMENT,<br><br>Petitioners,<br><br>v.<br><br>1955 CAPITAL FUND I GP LLC and 1955 CAPITAL CHINA FUND GP LLC,<br><br>Respondents. | Case No.:<br><br>**NOTICE OF PETITION AND PETITION TO CONFIRM FINAL ARBITRATION AWARD**<br><br>Hon.<br>Date:<br>Time:<br>Place:<br>Courtroom: |

**FILED UNDER SEAL**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Petitioners Global Industrial Investment Limited ("GIIL") and China Fortune Land Development ("CFLD") will and hereby do petition and move this Court, pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517 (June 10, 1958), for an order confirming the Final Award transmitted on October 30, 2021, by Arbitrator Arif Hyder Ali, ordering ███████████████████████████████████████████

███████████████████████████████████████████

1. ███████████████████████████████████████
2. ███████████████████████████████████████
3. ███████████████████████████████████████
4. ███████████████████████████████████████
5. ███████████████████████████████████████
6. ███████████████████████████████████████
7. ███████████████████████████████████████
8. ████████████████████████████████ Notice of the date and time of the hearing on this matter, which will be heard at the United States District Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, will be provided as soon as the above-referenced Court assigns this matter to a judge so that GIIL and CFLD may request a hearing.

This Petition is based on this Notice of Petition, the attached Petition, the Declaration of Cheryl Cauley in support of the Petition, the complete files and records in this matter, and such oral argument as may be presented at any hearing.

DATED: November 17, 2021       Respectfully submitted,

By: /s/    Cheryl Cauley
Cheryl Cauley (SBN 252262)
Cheryl.cauley@bakerbotts.com
Yan Zhang (SBN 248531)
Yan.zhang@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road, Suite 200
Palo Alto, CA 94304
Phone: 650-739-7500
Fax: 650-739-7699

*Attorneys for Petitioners Global Industrial Investment Limited and China Fortune Land Development*

---

[1] This amount is subject to adjustment by the Arbitrator.

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ..................................................................................1

II.  THE PARTIES...........................................................................................................2

III. JURISDICTION .........................................................................................................2

IV.  FACTUAL BACKGROUND ....................................................................................3

    A.   The Agreements ..............................................................................................3

    B.   Procedural History ..........................................................................................4

    C.   The Underlying Arbitration ............................................................................4

V.   ARGUMENT..............................................................................................................8

VI.  CONCLUSION.........................................................................................................11

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Aspic Eng'g & Constr. Co. v. ECC Centcom Constr., LLC*,
    268 F. Supp. 3d 1053 (N.D. Cal. 2017), *aff'd*, 913 F.3d 1162 (9th Cir. 2019) .........................2

*BU8 Sdn. Bhd. v. CreAgri, Inc.*,
    No. C-14-4503-EMC, 2015 WL 1010090 (N.D. Cal. Mar. 6, 2015) .......................................8

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
    284 F.3d 1114 (9th Cir. 2002) .................................................................................................2

*Hall Street Assoc., LLC v. Mattel, Inc.*,
    552 U.S. 576 (2008) .................................................................................................................8

*Holly Sugar Corp. v. Distillery, Rectifying, Wine & Allied Workers Int'l Union, AFL-CIO, et al.*,
    412 F.2d 899 (9th Cir. 1969) ...................................................................................................8

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*,
    341 F.3d 987 (9th Cir. 2003) (en banc) ...................................................................................8

*Marker Volkl (Int'l) GmbH v. Epic Sports Int'l, Inc.*,
    965 F. Supp. 2d 308 (S.D.N.Y. 2013) ......................................................................................8

*Sailfrog Software, Inc. v. Theonramp Grp., Inc.*,
    No. Civ. 97-7014 MISC SW, 1998 WL 30100 (N.D. Cal. Jan. 20, 1998) ..............................10

*Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*,
    84 F.3d 1186 (9th Cir. 1996) ...................................................................................................8

**STATUTES**

9 U.S.C. § 9............................................................................................................................................3

9 U.S.C. § 10........................................................................................................................................10

9 U.S.C. § 11........................................................................................................................................10

9 U.S.C. §13...........................................................................................................................................8

9 U.S.C. § 201........................................................................................................................................8

9 U.S.C. § 202........................................................................................................................................2

9 U.S.C. § 203........................................................................................................................................2

9 U.S.C. § 207...............................................................................................................................3, 8, 11

28 U.S.C. § 1332....................................................................................................................................2

21 U.S.T. 2517 .................................................................................................................................9

**OTHER AUTHORITIES**

Rule 69 of the Federal Rules of Civil Procedure ............................................................................11

**MEMORANDUM OF POINTS AND AUTHORITIES**

Petitioners Global Industrial Investment Limited ("GIIL") and China Fortune Land Development ("CFLD") (collectively, "Petitioners") respectfully submit this Petition to Confirm Final Arbitration Award and Direct Entry of Judgment.

## I.   PRELIMINARY STATEMENT

This proceeding is brought pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), the Federal Arbitration Act (the "FAA"), the 2014 International Arbitration Rules of the International Center for Dispute Resolution ("ICDR"), and the arbitration agreements entered into between Petitioners and Respondents 1955 Capital Fund I GP LLC ("Fund I GP") and 1955 Capital China Fund GP LLC ("China Fund GP" and, together with Fund I GP, "Respondents").  In October 2019, Petitioners initiated the underlying arbitration against Respondents alleging, among other claims, breaches of fiduciary duty and breaches of contractual obligations.  Respondents replied with counterclaims including breaches of the confidentiality obligations and the covenant of good faith and fair dealing.

On October 29, 2021, after extensive written submissions and a five-day hearing that took place in San Francisco, California, the Sole Arbitrator Arif Hyder Ali (the "Arbitrator") issued an award ("Final Award") that, among other things, [REDACTED]

[REDACTED] In the instant proceeding, Petitioners seek to have that award confirmed as a court judgment.

Confirmation is a summary proceeding.  Therefore, other than filing true and correct copies of the arbitration agreements and arbitral award, which are Exhibits A-G to the accompanying declaration of Cheryl Cauley ("Cauley Declaration" or "Cauley Decl."), the only requirements for

---

2 [REDACTED]

1

PETITION TO CONFIRM ARBITRATION AWARD PURSUANT TO 9 U.S.C. § 9

Petitioners' confirmation petition are that it be filed within three years of the issuance of the arbitral award and that none of the grounds for refusal of recognition enumerated in the Convention or the FAA applies. Because this Petition is timely, and because none of the grounds for refusal of recognition set forth in the Convention or the FAA applies, the arbitral award should be confirmed.

## II.   THE PARTIES

Petitioner GIIL is a Hong Kong limited liability investment holding company that was incorporated under the Companies Ordinance, Chapter 32 of the Laws of Hong Kong. GIIL's address is 5/f., Heng Shan Centre, 145 Queen's Road East, Wanchai, Hong Kong. GIIL is a wholly owned subsidiary of CFLD. GIIL is also the sole limited partner of 1955 Capital Fund I LP ("Fund I") and 1955 Capital China Fund LP ("China Fund" and, together with Fund I, the "Funds").

Petitioner CFLD is a Chinese real estate development company that is publicly listed on the Shanghai Stock Exchange. CFLD's address is Block A, 7th Floor, Gateway Plaza Beijing, Beijing 100027, China.

Respondents are Delaware companies formed on October 27, 2015. Respondents are operated under a management company called 1955 Capital LLC, a Delaware limited liability company. Fund I GP and China Fund GP are the respective general partners of Fund I and China Fund.

## III.   JURISDICTION

The Court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Alternatively, the Court has subject matter jurisdiction over this proceeding under 9 U.S.C. § 203, which provides federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the Convention. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1120 (9th Cir. 2002). The Convention applies to arbitrations that, as the case here, arise out of commercial relationships involving non-U.S. citizens. 9 U.S.C. § 202. *See also Aspic Eng'g & Constr. Co. v. ECC Centcom Constr., LLC*, 268 F. Supp. 3d 1053, 1057 (N.D. Cal. 2017), *aff'd*, 913 F.3d 1162 (9th Cir. 2019). Petitioners have served notice of this Petition within three

years of the issuance of the Final Award, as required by 9 U.S.C. § 207.

The Court has personal jurisdiction over Respondents pursuant to 9 U.S.C. § 9 because each Respondent is headquartered in California and, as the Arbitrator found, Respondents' acts that gave rise to the controversy occurred mostly in California.

Venue is proper in the Northern District of California under 9 U.S.C. § 9 because the Final Award was entered in San Francisco, California, which is within the Northern District of California.

## IV.   FACTUAL BACKGROUND

### A.   The Agreements

In November 2015, GIIL and Respondents entered into a set of agreements (the "Investment Agreements") regarding the governance, operation, and implementation of the Funds.  *See* Exs. A-F.[3]  Specifically, the Investment Agreements include each Fund's subscription agreements executed by GIIL and Respondents on November 23, 2015 (the "SAs"), including an unsigned appendix; the limited partnership agreements ("LPAs") that were delivered to GIIL on November 13, 2015; and the escrow agreements executed by GIIL and Respondents on November 23, 2015.  ██████████████████████████████████████████████████████████████████

The Investment Agreements specify that Delaware law is the substantive law governing the agreements.  *See* Ex. A at 8; Ex. B at 10; Ex. C at 2; Ex. D at 2; Ex. E at 28; Ex. F at 39.  The Investment Agreements contain the following arbitration clause (the "Arbitration Agreements"):

> Any claim, dispute, or controversy of whatever nature arising out of or relating to this Agreement, including, without limitation, any action or claim based on tort, contract, or statute (including any claims of breach), or concerning the interpretation, effect, termination, validity, performance and/or breach of this Agreement ("Claim"), shall be resolved by final and binding arbitration ("Arbitration") before a single arbitrator ("Arbitrator") selected from and administered by the American Arbitration Association or its successor (the "Administrator") in accordance with its then existing arbitration rules or procedures regarding commercial or business disputes.  The arbitration shall be conducted in the English language and held in San Francisco, California.

*See* Ex. A at 8; Ex. B at 9; Ex. C at 2 (incorporating the SAs' arbitration clause by reference); Ex. D at 2 (incorporating the SAs' arbitration clause by reference); Ex. E at 30; Ex. F at 41.

---

[3] "Ex." refers to an exhibit to the Declaration of Cheryl Cauley, filed herewith.

The Investment Agreements also provide authority for the Arbitrator to award compensatory damages, but not non-economic damages, punitive damages, or to reform, modify, or change the Investment Agreements. *Id.*

**B.     Procedural History**

[redacted]

In the 2017 Arbitration, the parties represented that the partnerships should be dissolved and the Funds wound-up, but neither happened.

**C.     The Underlying Arbitration**

As discussed above, Petitioners filed a second arbitration demand on October 29, 2019.

[redacted]

---

4

[redacted]

The Final Award dated October 29, 2021 was transmitted to the Parties on October 30, 2021. In his Final Award, the Arbitrator

19  As a result, the Arbitrator directed the following:

1. ██████████████████████████████████████
2. ████████████████████████████
3. ██████████████████
4. ████████████████████████████████████████████████████
5. ████████████
6. ██████████████████████████████████████████████
7. ████████████████████████████████████████████████████
8. ████████████
9. ████████████████████████████████████████████████████
10. ██████████████████████████████████████████████
11. ██████████████████████████████████████████████
12. █
13. ██████████████████████████████████████████████
14. ████████████████████████████████████████████████████
15. ██████████████████████████████████████████████
16. ████████████████████████████████████
17. ██████████████████████████████████████████

18. On November 12, 2021, Respondents filed an Application to Clarify, Interpret, and Correct
19. the Final Award ("Application").  In their Application, Respondents did not seek any relief from the
20. Arbitrator's finding ████████████████████████████████████████
21. ████████████████████████████████████████████████████
22. ██████████████████████████ All of those findings remain unchallenged.  Instead,
23. Respondents sought to clarify or correct only ████████████████████████████
24. ████████████████████████████████████████████████████
25. ████████████████████████████████████████████████████
26. ████████████ Again, Respondents do not challenge any of the Arbitrator's other findings.
27.

---

[5] This amount is subject to adjustment by the Arbitrator.
[6] This amount is subject to adjustment by the Arbitrator.

7

PETITION TO CONFIRM ARBITRATION AWARD PURSUANT TO 9 U.S.C. § 9

## V. ARGUMENT

Article IV of the Convention and the FAA govern the confirmation of foreign arbitral awards. *See* 9 U.S.C. §§ 201, 207. Under the FAA, any party to an arbitration may seek confirmation of an arbitral award falling under the Convention within three years of the arbitral award. 9 U.S.C. § 207. Absent a statutory basis to vacate or modify the award, the Court "must grant" a judicial order confirming an arbitration award. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc); *Hall Street Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008) (holding that "§§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification"). Judicial review of an arbitration award is "both limited and highly deferential." *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996). "[I]f, on its face, the award represents a plausible interpretation of the contract in the context of the parties' conduct, judicial inquiry ceases and the award must be affirmed." *Holly Sugar Corp. v. Distillery, Rectifying, Wine & Allied Workers Int'l Union, AFL-CIO, et al.*, 412 F.2d 899, 903 (9th Cir. 1969). Therefore, "confirmation proceedings are necessarily 'summary' in nature and are 'not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm.'" *BU8 Sdn. Bhd. v. CreAgri, Inc.*, No. C-14-4503-EMC, 2015 WL 1010090, at *3 (N.D. Cal. Mar. 6, 2015) (quoting and citing *Marker Volkl (Int'l) GmbH v. Epic Sports Int'l, Inc.*, 965 F. Supp. 2d 308, 311 (S.D.N.Y. 2013)).

In order to confirm an arbitral award, the Convention and FAA require that the petitioner (1) submit the arbitration agreement and the arbitral award, 9 U.S.C. §13; and (2) move for confirmation within three years of the issuance of the arbitral award, *id.* § 207. If the petitioner takes those steps, a court must confirm the award unless the respondent can demonstrate that the grounds for refusal or deferral of recognition or enforcement of an arbitration award specified in the Convention apply, *id.*

Here, all of the requirements for confirmation of the Final Award are met. First, Petitioners have submitted true and correct copies of the underlying Investment Agreements, which include the arbitration agreements, and the Final Award as Exhibits A through G to the accompanying

Declaration of Cheryl Cauley. *See* Exs. A-G.

Second, Petitioners have filed the instant Petition within three years of the issuance of the Final Award, which was issued on October 29, 2021. *See* Ex. G.

Third, none of the exceptions for recognition or enforcement of an arbitral award under the Convention applies. Article V(1) of the Convention provides five exceptions for recognition and enforcement of an arbitral award: (1) the parties to the agreement were "under some incapacity," or the agreement is not valid under the applicable law; (2) the party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or the arbitration proceedings; (3) the award deals with a difference not contemplated by, or falls within the terms of, the submission to the arbitration; (4) the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties; or (5) the award has not yet become binding on the parties or has been set aside or suspended. *See* 21 U.S.T. 2517. An arbitral award may also be refused to be recognized or enforced if the subject matter is not capable of being arbitrated or the recognition or enforcement of the arbitral award is contrary to public policy. *Id.*

In this case, none of the exceptions apply. Over the course of this two-year arbitration, there was never any question that the parties' dispute was subject to arbitration[7] or that the issues were properly submitted to the Arbitrator. All parties fully participated in the arbitration by submitting voluminous materials, engaging in discovery, and attending the five-day arbitration hearing. The underlying arbitration was fairly administered, with the Arbitrator neutral and experienced, and all parties were represented by experienced counsel. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Moreover, the issues in dispute were squarely within the scope of the Investment Agreements, and the Arbitrator rendered the Final Award based on the issues, documents, and extensive briefing submitted by the parties.

Finally, Respondents' pending limited Application to Clarify, Interpret, and Correct does not mean that the entirety of the Final Award has not yet become binding. As explained above,

---

[7] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Respondents' Application seeks to correct one single statement in the 240-page award and does not even seek to challenge the vast majority of the arbitrator's findings or awards. The arbitrator will rule on Respondents' Application within thirty days of November 19, 2021 (when Petitioners' response to the Application is currently due), at the latest, and likely sooner.  In the event that the arbitrator rules in favor of Respondents—which is highly unlikely—Petitioners will file an amended petition to confirm the Final Award, to take into account any clarification or correction that the arbitrator issues on the sole issue as to which Respondents sought clarification or correction

Even if Respondents disagree with the Arbitrator's decisions and rulings, mere disagreement is not a ground to deny confirmation of an arbitral award, particularly when all parties were given a full and fair opportunity to be heard during the proceedings.  *See Sailfrog Software, Inc. v. Theonramp Grp., Inc.*, No. Civ. 97-7014 MISC SW, 1998 WL 30100, at *2 (N.D. Cal. Jan. 20, 1998) ("Disagreement with the fundamental principles employed by the arbitrator is not a sufficient basis for a district court to vacate an arbitration award.").

Furthermore, none of the bases under the FAA for vacating or modifying the arbitral award apply, either.  The FAA provides four bases to vacate an arbitration award—(1) the arbitration award was procured by corruption, fraud, or undue means; (2) there was evidence of partiality or corruption of the arbitrator(s); (3) the arbitrators were guilty of misconduct in conducting the hearing or other misbehavior that prejudiced the rights of a party; or (4)  the arbitrators exceeded their powers or executed their powers such that "a mutual, final, and definite award upon the subject matter submitted was not made"—but there are no facts or evidence to support any of them.  *See* 9 U.S.C. § 10.  And there are no facts or evidence to support any of the other three bases under the FAA for modifying or correcting an arbitral award—(1) evident material miscalculation of figures or mistakes in descriptions; (2) an award upon a matter not submitted to the arbitrator; or (3) "the award is imperfect in matter of form not affecting the merits of the controversy."[8]  *See* 9 U.S.C. § 11.

Accordingly, because none of the exceptions to recognition or enforcement of an arbitral

---

[8] Respondents' Application to Clarify, Interpret, and Correct does not invoke any of the FAA bases for modifying or correcting the award because Respondents are not claiming that there was an "evident material miscalculation of figures," that the Arbitrator issued an award upon a matter not submitted, or that the Final Award is "imperfect in matter of form not affecting the merits of the controversy."  *See* 9 U.S.C. § 11.

award under the Convention or FAA apply, the Court should confirm the Final Award and enter judgment.

## VI. CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court issue an order confirming the Final Award, as authorized by 9 U.S.C. § 207, and directing that the Final Award be entered as a judgment of this Court. Petitioners also respectfully request that the Court retain jurisdiction over this action, pursuant to Rule 69 of the Federal Rules of Civil Procedure, permit any discovery that may be proper to aid in the enforcement of the judgment, and grant any other relief that this Court, in the interest of justice, deems necessary and proper.

DATED: November 17, 2021        Respectfully submitted,

By: /s/   *Cheryl Cauley*
   Cheryl Cauley (SBN 252262)
   Cheryl.cauley@bakerbotts.com
   Yan Zhang (SBN 248531)
   Yan.zhang@bakerbotts.com
   BAKER BOTTS LLP
   1001 Page Mill Road, Suite 200
   Palo Alto, CA 94304
   Phone: 650-739-7500

   *Attorneys for Petitioners Global Industrial Investment Limited and China Fortune Land Development*