QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kathleen M. Sullivan (CA Bar No. 242261)
  kathleensullivan@quinnemanuel.com
  865 S. Figueroa St., 10th Floor
  Los Angeles, California 90017
  Telephone: (213) 443-3000
  Facsimile: (213) 443-3100

  John M. Potter (CA Bar No. 165843)
  50 California Street, 22nd Floor
  San Francisco, CA 94111
  Telephone: (415) 875-6600
  Facsimile: (415) 875-6700

  David M. Cooper (appearance *pro hac vice*)
  51 Madison Ave., 22nd Floor
  New York, NY 10010
  Telephone: (212) 849-7000
  Facsimile: (212) 849-7100

Attorneys for Respondents
1955 CAPITAL FUND I GP LLC AND
1955 CAPITAL CHINA FUND GP LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GLOBAL INDUSTRIAL INVESTMENT LIMITED and CHINA FORTUNE LAND DEVELOPMENT,<br><br>Petitioners,<br><br>v.<br><br>1955 CAPITAL FUND I GP LLC and 1955 CAPITAL CHINA FUND GP LLC,<br><br>Respondents. | Case No. 4:21-cv-08924-HSG<br><br>**RESPONDENTS' REPLY IN SUPPORT OF MOTION TO VACATE ARBITRATION AWARD**<br><br>**FILED UNDER SEAL**<br><br>Date: April 14, 2022<br>Time: 2:00 pm<br>Place: Courtroom 2 – 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

## TABLE OF CONTENTS

I.      Introduction...............................................................................................................1

II.     Argument ...................................................................................................................2

        A.      The Award Should Be Vacated Because Petitioners' Claims Are Precluded
                Based On The Res Judicata Effect Of This Court's Prior Decision......................2

                1.      Petitioners Fail To Refute That This Court Can And Should
                        Resolve The Res Judicata Issue .................................................................3

                2.      Petitioners Fail To Refute That This Case Satisfies All
                        Requirements Of Res Judicata ...................................................................5

        B.      ███████████████████████████████████████
                ████████████████████████████████ ...................................9

                1.      Petitioners Fail To Confront The Controlling Precedent
                        Establishing That This Question Is For The Court To Decide ..................9

                2.      ███████████████████████████████████████
                        ███████████████████ ..................................................11

                3.      Petitioners Fail To Refute That Vacatur On This Ground Requires
                        Remand, And Do Not Dispute That Remand Should Be To A New
                        Arbitrator ................................................................................................13

        C.      Petitioners' Request For Attorney's Fees And Costs Should Be Denied As
                Premature And Improper .................................................................................15

III.    Conclusion ...............................................................................................................15

1

## TABLE OF AUTHORITIES

2

**Page**

3

### CASES

*Anchor Glass Container Corp. v. Buschmeier*,
426 F.3d 872 (7th Cir. 2005) ............................................................................. 8

*Babb v. Lozowsky*,
719 F.3d 1019 (9th Cir. 2013) ........................................................................... 4

*China Fortune Land Dev. v. 1955 Capital Fund I GP LLC*,
No. 3:19-cv-07043-VC, Dkt. 47 (N.D. Cal. Dec. 19, 2019) ............................... 5

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000) ........................................................................... 3

*Cmty. State Bank v. Strong*,
651 F.3d 1241 (11th Cir. 2011) ......................................................................... 4

*Coast Trading Co. v. Pac. Molasses Co.*,
681 F.2d 1195 (9th Cir. 1982) .............................................................. 9, 10, 11, 13

*Collins v. D.R. Horton, Inc.*,
505 F.3d 874 (9th Cir. 2007) ............................................................................. 3

*Cruz v. Select Portfolio Servicing, Inc.*,
2019 WL 2299857 (N.D. Cal. May 30, 2019) ................................................... 6

*First Options of Chi., Inc. v. Kaplan*,
514 U.S. 938 (1995) ........................................................................................... 11

*FleetBoston Fin. Corp. v. Alt*,
638 F.3d 70 (1st Cir. 2011) ............................................................................... 8

*GIIL v. Chung*,
2020 WL 5355968 (N.D. Cal. Sept. 7, 2020) ................................................... 7

*Harry v. KCG Americas LLC*,
2021 WL 2711746 (N.D. Cal. July 1, 2021) ..................................................... 6

*Headwaters Inc. v. U.S. Forest Serv.*,
399 F.3d 1047 (9th Cir. 2005) ........................................................................... 4

*Immersion Corp. v. Sony Comput. Entm't Am. LLC*,
188 F. Supp. 3d 960 (N.D. Cal. 2016) ........................................................... 4, 10

*J & J Sports Prods., Inc. v. Ortiz*,
2014 WL 1266267 (N.D. Cal. Mar. 24, 2014) ................................................. 15

*Kern Oil & Ref. Co. v. Tenneco Oil Co.*,
840 F.2d 730 (9th Cir. 1988) ............................................................................. 4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*McClain v. Apodaca*,
    793 F.2d 1031 (9th Cir. 1986) .......................................................................... 4

*Nasiri v. T.A.G. Sec. Protective Servs. Inc.*,
    2021 WL 4226207 (N.D. Cal. Sept. 16, 2021) .............................................. 15

*Ortega v. Ritchie*,
    2019 WL 251482 (N.D. Cal. Jan. 17, 2019)..................................................... 6

*Pac. Motor Trucking Co. v. Auto. Machinists Union*,
    702 F.2d 176 (9th Cir. 1983) .................................................................... 2, 12

*Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752, Int'l Bhd. of Teamsters*,
    989 F.2d 1077 (9th Cir. 1993) ...........................................................9, 10, 11

*Prime Mgmt. Co. v. Steinegger*,
    904 F.2d 811 (2d Cir. 1990) ............................................................................ 6

*ProShipLine Inc. v. Aspen Infrastructures Ltd.*,
    609 F.3d 960 (9th Cir. 2010) ...................................................................... 5, 6

*Santos v. Minn. Life Ins. Co.*,
    2021 WL 5302950 (N.D. Cal. Nov. 15, 2021) .............................................. 15

*Schoenduve Corp. v. Lucent Techs., Inc.*,
    442 F.3d 727 (9th Cir. 2006) ........................................................................ 10

*Tectura Corp. v. LaBudde Grp., Inc.*,
    2009 WL 4723340 (N.D. Cal. Dec. 4, 2009)................................................... 3

*Thomas Kinkade Co. v. Hazlewood*,
    2007 WL 9812853 (N.D. Cal. June 6, 2007)................................................. 11

*Trustmark Ins. Co. v. ESLU, Inc.*,
    299 F.3d 1265 (11th Cir. 2002) ....................................................................... 6

*Turtle Island Restoration Network v. U.S. Dep't of State*,
    673 F.3d 914 (9th Cir. 2012) ........................................................................... 6

*U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*,
    591 F.3d 1167 (9th Cir. 2010) ...................................................................... 10

*United Comput. Sys., Inc. v. AT & T Corp.*,
    298 F.3d 756 (9th Cir. 2002) ........................................................................... 3

*United Steelworkers of Am. v. Enter. Wheel & Car Corp.*,
    363 U.S. 593 (1960)........................................................................................ 2

*White v. Woodall*,
    572 U.S. 415 (2014)........................................................................................ 4

**STATUTORY AUTHORITIES**

9 U.S.C. § 10(a)(4) ................................................................................................................... 3

**RULES AND REGULATIONS**

Civil Local Rule 54-5 ............................................................................................................. 15

Civil Local Rule 54-5(b) ........................................................................................................ 15

Fed. R. Civ. P. 54 ................................................................................................................... 15

Fed. R. Civ. P. 54(d)(2)(A) .................................................................................................... 15

1    **I.     INTRODUCTION**

2           Petitioners ask this Court to defer uncritically to the Sole Arbitrator, but the Sole

3    Arbitrator's extreme decision is the rare arbitral decision that warrants vacatur.  This case falls

4    squarely within the doctrine of res judicata.  Indeed, the very purpose of res judicata is to prevent

5    precisely the situation here, where Petitioners serially litigated the same claims over and over again

6    until they found a receptive audience.  ████████████████████████████████

7    ████████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████

12   ████████████████████████  For either or both of these reasons, this Court should vacate the

13   Second Award, and Petitioners fail to show otherwise.

14          *First*, Petitioners ignore virtually all of the law and facts that refute their arguments on res

15   judicata.  Petitioners fail to mention the key language in the Ninth Circuit cases holding that it is

16   for the Court to decide the res judicata effect of its prior judgment.  Instead, Petitioners focus on

17   waiver, but they do not dispute that the GPs raised the res judicata issue and they concede that the

18   Second Award implicitly decided the issue here, which precludes any finding of waiver.  On the

19   merits, the application of res judicata is straightforward:  Petitioners could have raised their claims

20   here for breach of fiduciary duty under the investment agreements when they raised the same breach

21   of fiduciary duty claims in the Chung Action.  Petitioners argue that the Second Arbitration

22   involved different facts, but do not dispute that these facts were known at the time of the Chung

23   Action and thus could have been raised there.  And Petitioners disregard the many cases holding

24   that res judicata bars a claim for a new breach of the same agreement, where (as is undisputed here)

25   the facts were available at the time of prior litigation.

26          *Second*, ████████████████████████████████████████████

27   ████████████████████████████████████████████████████████  Petitioners

28

11105-00001/13156908 8

Case No. 4:21-cv-08924-HSG

RESPONDENTS' REPLY IN SUPPORT OF MOTION TO
VACATE ARBITRATION AWARD

1  cannot distinguish the Ninth Circuit cases on point, which vacated awards where the remedy

2  conflicted with the agreement. ████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████████████████████

4  ████████████  ████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████████████████████

8  ████████████████████  ██████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████████████████

10 ███████████████████████████████████████████████████ The Second

11 Award therefore exemplifies the "industrial justice" and blatant disregard for the parties' agreement

12 that courts refuse to accept in an arbitration award.  *Pac. Motor Trucking Co. v. Auto. Machinists*

13 *Union*, 702 F.2d 176, 177 (9th Cir. 1983) (quoting *United Steelworkers of Am. v. Enter. Wheel &*

14 *Car Corp.*, 363 U.S. 593, 597 (1960)).

15 ████████████████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████████████████████

17 ████████████████████  Petitioners do not dispute that any remand should go to a new

18 arbitrator. ██████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████████████████████

23 ███████████████████████████████████████████████████████

24 **II.   ARGUMENT**

25      **A.    The Award Should Be Vacated Because Petitioners' Claims Are Precluded
             Based On The Res Judicata Effect Of This Court's Prior Decision**

26

27 The Award should be vacated because Petitioners' claims in the Second Arbitration could

28

1    have been raised before this Court in the Chung Action, and thus are barred by res judicata.[1]

2                **1.      Petitioners Fail To Refute That This Court Can And Should Resolve**
3                         **The Res Judicata Issue**

4            Petitioners fail to confront the Ninth Circuit precedent establishing that the res judicata

5    effect of a prior decision of this Court is a question for this Court to decide.  *See Collins v. D.R.*

6    *Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207

7    F.3d 1126, 1132-34 (9th Cir. 2000).  Petitioners simply ignore the dispositive language in *Collins*:

8    "we hold [that] arbitrators are not free to ignore the preclusive effect of prior judgments under the

9    doctrines of res judicata and collateral estoppel."  505 F.3d at 882 (brackets, quotation marks, and

10   citation omitted); *id.* at 880 ("Arbitrators are not free to ignore the preclusive effect of prior

11   judgments under the doctrine[] of res judicata . . . ." (quotation marks and citation omitted)).

12   Petitioners assert (Opp. 19) that *Chiron*'s approval of other decisions making the same point (and

13   distinguishing them from the res judicata effect of a prior arbitration) is irrelevant.  But *Chiron*

14   explained why the court is entitled to determine the res judicata effect of its own judgment:  "the

15   court issuing the original decision is best equipped to determine what was considered and decided

16   in that decision and thus what is or is not precluded by that decision."  207 F.3d at 1134.  This

17   reasoning and the unequivocal holding in *Collins* are controlling here.[2]

18           Petitioners likewise err in falling back on the idea that the GPs waived the res judicata

19   argument.  Petitioners assert (Opp. 16) that the GPs "cherry-pick[]" sentences from their post-

20   hearing brief, but in fact there is an entire sub-section entitled: ███████████████████

21   ██████████████████████████  Dkt. 34-10 at 36.  Such a clear and unqualified argument more

22   than suffices to preserve a claim for judicial review.  ████████████████  (Opp. 16) ██████████

---

23   [1]  Petitioners assert (Opp. 15) that "the GPs do not explain how their res judicata argument relates
24   to any of the four *exclusive* grounds for vacatur under the FAA," but the GPs stated (Mot. 1) that
     vacatur is required because the Sole Arbitrator "exceeded [his] powers, or so imperfectly executed
25   them that a mutual, final, and definite award upon the subject matter submitted was not made."  9
     U.S.C. § 10(a)(4).  Petitioners provide no basis for their suggestion that even if an arbitration is
26   barred by res judicata, such a bar would not fall within the FAA's bases for vacatur.

     [2]  Neither of the cases Petitioners cite (Opp. 19) is to the contrary, as one concerns the res judicata
27   effect of a prior arbitration, *see United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 763-64
     (9th Cir. 2002), and the other the res judicata effect of a different court's judgment, *see Tectura*
28   *Corp. v. LaBudde Grp., Inc.*, 2009 WL 4723340, at *2 (N.D. Cal. Dec. 4, 2009).

1 █████████████████████████████████████████████, but the GPs already acknowledged that

2 and explained (Mot. 21) ████████████████████████████████████████████

3 █████████████████████and that the Sole Arbitrator was well aware of the Chung Action (which he

4 discussed in the Second Award ¶¶ 203-05).  Indeed, Petitioners themselves concede (Opp. 21) ███

5 ████████████████████████████████████████████████████████████████████  This

6 Court may address an issue that the Sole Arbitrator "implicitly" decided irrespective of any

7 argument that the GPs waived it.  *See, e.g.*, *Babb v. Lozowsky*, 719 F.3d 1019, 1033 n.8 (9th Cir.

8 2013) ("Babb argues that the government waived the harmless error defense by failing to raise it

9 before the district court.  Because the district court addressed the issue, however, and because the

10 parties thoroughly addressed it in their briefs before this Court, we consider it."), *overruled on other*

11 *grounds by White v. Woodall*, 572 U.S. 415, 421 (2014).

12      In any event, raising a general issue before an arbitrator suffices to preserve it even where

13 the particular arguments are not spelled out.  *See Immersion Corp. v. Sony Comput. Entm't Am.*

14 *LLC*, 188 F. Supp. 3d 960, 967 (N.D. Cal. 2016).[3]  That is especially true for res judicata, where

15 the issue can be considered even *sua sponte*, given the court's interest in judicial economy and

16 preventing serial litigation.  Mot. 21-22 (citing *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047,

17 1054 (9th Cir. 2005); *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986); *Cmty. State Bank*

18 *v. Strong*, 651 F.3d 1241, 1261 n.17 (11th Cir. 2011)).[4]  In short, it would be contrary to law and

19 the interests of justice to find waiver of an issue that was raised at least in general terms, that

---

20 [3]  Petitioners assert (Opp. 18) that the preservation was clearer in *Immersion*, but that is incorrect,

21 as there the party did not even mention the public policy argument that was the basis for its claim
it had the right to raise patent invalidity.  188 F. Supp. 3d at 967.  Moreover, all of the cases

22 Petitioners cite (Opp. 16-18) concern the situation where a party failed to raise an argument in the
arbitration *at all*, and do not suggest that the argument had to be raised in a particular manner or at

23 a particular time.

24 [4]  Petitioners ignore these cases, and their citation (Opp. 17-18) to *Kern Oil & Ref. Co. v. Tenneco
Oil Co.*, 840 F.2d 730 (9th Cir. 1988), is inapposite, as *Kern* rested on Federal Rule of Civil

25 Procedure 8(c)(1), which requires that res judicata be raised in the answer.  Petitioners suggest
(Opp. 17) the GPs had to raise the issue in their Answer, but the rules state only that "object[ions]

26 to the jurisdiction of the tribunal" must be so raised.  Int'l Centre for Dispute Resolution, Int'l
Dispute Resolution Procedures, art. 19(3) (2014).  (Petitioners cite the current rules, but the

27 arbitration was conducted under the 2014 rules.  *See* Second Award ¶ 21.)  In any event, the res
judicata argument based on the Chung Action did not exist until the Chung Action was dismissed

28 in September 2020, long after the Answer in the Second Arbitration was filed.

---

1   Petitioners admit was implicitly decided, and that is ultimately for this Court to decide anyway.

2        **2.    Petitioners Fail To Refute That This Case Satisfies All Requirements Of Res Judicata**

3           Petitioners do not dispute that two of the three requirements for res judicata are satisfied:  a

4   final judgment on the merits and identical parties or privies.  *See* Mot. 22; Opp. 22-25.  That leaves

5   only the question whether there is an identity of claims.  As Petitioners recognize (Opp. 22), this

6   question focuses on whether there is the same transactional nucleus of facts, which in turn depends

7   on "whether [the two cases] are related to the same set of facts and whether they could conveniently

8   be tried together."  *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir.

9   2010) (cleaned up).  Contrary to Petitioner's arguments, that requirement is also met here.

10          **New facts available at the time of the prior litigation do not suffice.**  Petitioners err in

11  arguing (Opp. 22-23) ████████████████████████████████████████████████████████████████

12  ███████████████████████   In particular, Petitioners assert (Opp. 22) that facts raised in the Second

13  Arbitration post-dated the First Arbitration.  ████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████████████████████████   *See*

15  Second Award ¶ 347.  But Petitioners do *not* dispute the point (Mot. 25-26 & n.4) that the facts

16  were available—and thus all claims in the Second Arbitration could have been raised—*at the time*

17  *of the Chung Action*.  Petitioners chose to engage in serial litigation by suing Mr. Chung after the

18  First Arbitration, and that choice comes with the consequence that they cannot then proceed with

19  another arbitration based on claims they could have brought in the Chung Action.[5]  That Petitioners

20  did not raise all of the same facts in the Chung Action that they raised in the Second Arbitration is

21

22  ─────────────────────
    [5]  This point likewise disposes of Petitioners' suggestion (Opp. 21) that, because the Chung Action
23  was "related to the same transactional nucleus of facts as the First Arbitration," it cannot also be
    related to the same transactional nucleus of facts as the Second Arbitration.  The disconnect
24  between the First and Second Arbitrations was based on the new facts in the Second Arbitration
    that were unavailable at the time of the First Arbitration.  But there is no such disconnect here, and
25  thus no inconsistency in saying that the claims in the Chung Action could have been brought in the
    First Arbitration, and the claims in the Second Arbitration could have been brought in the Chung
26  Action.  Similarly, Petitioners' attempt (Opp. 21) to read into Judge Koh's refusal to take on the
    instant case as a related case a few days before her elevation to the Ninth Circuit is meritless:  Judge
27  Chhabria likewise refused to treat the Chung Action as related to the First Arbitration, *see China*
    *Fortune Land Dev. v. 1955 Capital Fund I GP LLC*, No. 3:19-cv-07043-VC, Dkt. 47 (N.D. Cal.
28  Dec. 19, 2019), but that procedural ruling obviously did not decide the question of res judicata.

irrelevant because they could have done so, which is the test for res judicata. *See Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) ("In most cases, the inquiry into the same transactional nucleus of facts is essentially the same as whether the claim could have been brought in the first action." (quotation marks and citation omitted)); *Ortega v. Ritchie*, 2019 WL 251482, at *2 (N.D. Cal. Jan. 17, 2019) (Gilliam, J.) ("A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory.").

**Res judicata bars claims based on breaches of the same agreement.**  Petitioners ignore the case law (Mot. 23-24) establishing that res judicata applies to breaches of the same agreement, even when based on different facts and different breaches.  *See, e.g.*, *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1270 (11th Cir. 2002); *Prime Mgmt. Co. v. Steinegger*, 904 F.2d 811, 816 (2d Cir. 1990). ███████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████  Petitioners do not cite a single case supporting their argument that the differences in the facts here make res judicata inapplicable.  Instead, Petitioners attempt (Opp. 23 n.11) to distinguish the cases the GPs cited (Mot. 24) only on the ground that here, there is "separate and distinct conduct."  But the same was true in all of the cited cases.[6]  The question is not "separate[ness]" (Opp. 23 n.11), but whether the facts are "related," *ProShipLine*, 609 F.3d at 968 (citation omitted).  Here, they are.  Petitioners' attempt to dress up the claims slightly differently as they alleged breaches based on the same agreements—in the First Arbitration, then (████ ██████████████████████████████████████) a case against Mr. and Mrs. Chung

---

[6]  *See Ortega*, 2019 WL 251482, at *2 ("The fact that plaintiff adds new allegations regarding different incidents . . . does not alter the Court's conclusion that there is an identity of claims between the 2015 action and the present action."); *Harry v. KCG Americas LLC*, 2021 WL 2711746, at *5 (N.D. Cal. July 1, 2021) (Gilliam, J.) ("Plaintiffs identify three 'new' facts . . . . But as explained above, this case does not raise new claims or present new allegations that could not have been brought in the *Harry Case* and *Draper Case*."); *Cruz v. Select Portfolio Servicing, Inc.*, 2019 WL 2299857, at *4 (N.D. Cal. May 30, 2019) (applying res judicata for different claims, one concerning lack of proper disclosure and another concerning improper foreclosure, because they "relat[e] to the [same] loan repayment and agreement").

1   in China, the Chung Action, and the Second Arbitration—is the hallmark of improper serial

2   litigation that res judicata is designed to prevent.

3         **The facts and claims are unquestionably related.**  Petitioners fail to confront the clear

4   relationship between the facts and claims underlying the Chung Action and the Second Arbitration.

5   Petitioners' argument rests on a gross mischaracterization of the Chung Action.  According to

6   Petitioners (Opp. 22-23), "[t]he Chung Action alleged a breach of fiduciary duty relating to Mr.

7   Chung's unauthorized changes to the LPAs."  But this was only one of several claims in the Chung

8   Action; the others concerned breach of fiduciary duty for alleged mismanagement of the Funds,

9   including "devoting himself to other opportunities . . . and failing to appropriately staff the funds

10  or identify new investments."  *GIIL v. Chung*, 2020 WL 5355968, at *1 (N.D. Cal. Sept. 7, 2020).

11  ████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████

13  ███████████████████████████████████████████████████████ Second

14  Award ¶¶ 259, 414-19, 427-31. ███████████████ (Opp. 23) ██████████

15  ████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████

17  ██████████████████████████████████ *see supra* at 5-6.

18        **The claims in the Second Arbitration could have been brought in the Chung Action.**

19  Petitioners' lone argument (Opp. 22-23) as to why the claims in the Second Arbitration could not

20  have been brought in the Chung Action is the legally irrelevant point that Mr. Chung was the party

21  there, not the GPs.  It is well established that res judicata applies to the same parties or those in

22  privity, and Mr. Chung is undisputedly in privity with the GPs.  Mot. 22.  Petitioners ignore this

23  point and instead rest (Opp. 22) on the idea that the GPs could not have been joined in the Chung

24  Action because they were subject to the arbitration clause of the investment agreements.  Judge

25  Koh rejected the same argument in the Chung Action, when Petitioners argued that res judicata did

26  not apply because Mr. Chung could not be joined in the First Arbitration, as he was not bound by

27  the arbitration clause of the investment agreements.  *GIIL v. Chung*, 2020 WL 5355968, at *8.  As

28

1    Judge Koh explained, "[t]his argument . . . is beside the point" because "[t]he very purpose of claim

2    preclusion is to prevent a nonparty who assists in the prosecution or defense of an action in aid of

3    some interest of his own from later arguing that the nonparty is stranger to the cause." *Id.* (cleaned

4    up).  Just as it was "immaterial that Chung was technically not party to an arbitration involving the

5    GPs, which he solely controlled," *id.*, it is immaterial that the GPs were not technically a party to

6    the district court litigation involving Mr. Chung.  Other courts are in accord.  *See, e.g.*, *FleetBoston*

7    *Fin. Corp. v. Alt*, 638 F.3d 70, 80-81 & n.12 (1st Cir. 2011); *Anchor Glass Container Corp. v.*

8    *Buschmeier*, 426 F.3d 872, 879-80 (7th Cir. 2005).  Petitioners cite no case to the contrary.

9           **Petitioners fail to refute application of the other res judicata factors.**  The other res

10   judicata factors confirm that Petitioners' claims are barred.  *First*, as the GPs explained (Mot. 26),

11   the Second Award impaired the rights and interests established in the Chung Action because ███

12   ████████████████████████████████████████████████████████████████████████████

13   ██████████ (Opp. 23-24) ████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████████████████████

19   ██████████████████████████ (Mot. 26), ███████████████████████████████████████

20   ████████████████████████████████████████████████████████████████████████████

21   (Opp. 24) ████████████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████████████████████████

23   ██████████████████████████████████████ *Third*, the evidence was substantially overlapping, and

24   Petitioners' contrary assertion (Opp. 24) ignores the evidence the GPs cited (Mot. 13-18).  *Finally*,

25   Petitioners note (Opp. 24) "the true policy behind res judicata [is] to conserve resources and avoid

26   duplication," but ignore that this policy applies fully here: ████████████████████████████

27   ████████████████████████████████████████████████████████████████████████████

28

1

████████████████████████████████████████████████

2    **B.**    ████████████████████████████████████████████

3    ████████████████████████████████████████

4        **1.    Petitioners Fail To Confront The Controlling Precedent Establishing
            That This Question Is For The Court To Decide**

5        Petitioners ignore the Ninth Circuit's clear and repeated holdings that an arbitration award

6   should be vacated where the remedy conflicts with the parties' agreement.  The Ninth Circuit held

7   that "an arbitrator's remedy . . . must . . . draw its essence from, and is therefore limited by, the

8   [parties'] agreement."  *Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752, Int'l Bhd.*

9   *of Teamsters*, 989 F.2d 1077, 1081-82 (9th Cir. 1993).  And where "the arbitrator's remedy was

10  not rationally derived from the general framework or intent of the Agreement," it should be vacated.

11  *Id.* at 1083 (quotation marks and citation omitted); *see also id.* at 1082 ("The rational relationship

12  between the remedy and the agreement must be viewed in light of the agreement's language, its

13  content, and any other indicia of the parties' intention." (cleaned up)).  Similarly, the Ninth Circuit

14  has "vacate[d] [an] arbitration award as being contrary to remedies provided in the contract and as

15  beyond the authority of the arbitrators," holding "the award will not be shielded from judicial

16  scrutiny intended to insure that the award is grounded on the agreement of the parties and the issues

17  they present for resolution."  *Coast Trading Co. v. Pac. Molasses Co.*, 681 F.2d 1195, 1198 (9th

18  Cir. 1982).  *Coast Trading* considered exactly the argument Petitioners make here:  "Berger & Plate

19  argues the dispute was submitted to the arbitration panel, the panel considered the arguments of the

20  parties, and concluded by interpreting the contract to allow for an extension of delivery.  Since

21  construction of the agreement is for the arbitrators, Berger & Plate contends courts should not be

22  allowed to look at the merits of the award, even if the arbitrators make errors of law or fact."  *Id.*

23  And *Coast Trading* rejected that argument:  "We hold the arbitration award here is invalid . . .

24  because the arbitrators exceeded the authority given them by the consent of the parties."  *Id.*

25        Petitioners disregard this key language and argue (Opp. 27-28) only that these cases are

26  distinguishable because the "contractual agreements . . . *expressly* prohibited the *exact* remedy

27  issued by the arbitrator."  That is incorrect.  In *Phoenix Newspapers*, the awarded remedy was to

28

1   order a company "to commence negotiations with the Union over . . . additional hourly

2   compensation."  989 F.2d at 1082 (quotation marks omitted).  The agreement did not expressly

3   prohibit such compensation, but the Ninth Circuit held it was inconsistent with "[t]he bargaining

4   history of the parties" and the "zipper clause" of the agreement.  *Id.*  In *Coast Trading*, the awarded

5   remedy was to extend a delivery contract that the seller had purported to cancel.  681 F.2d at 1197.

6   As with *Phoenix Newspapers*, the agreement did not expressly preclude this remedy, but the court

7   held it was inconsistent with rules incorporated in the agreement, which gave the seller the right to

8   cancel.  *Id.* at 1198.  Thus, the Ninth Circuit engaged in ordinary contractual interpretation, not

9   some unstated "expressly prohibited" test.  Indeed, as discussed below, the contractual basis for

10   vacatur is even *stronger* here than in *Phoenix Newspapers* and *Coast Trading* ███████████

11   ████████████████████████████████████████████████████████████████████████████

12   ██████████████████████████████████████████████████████████████████████████.[7]

13        The argument against deference to the arbitrator is also even stronger here than in *Phoenix*

14   *Newspapers* and *Coast Trading* because, in addition to the remedy being inconsistent with the

15   agreement, the arbitration provision itself limits the arbitrator's authority.  Petitioners do not even

16   address this critical language in their opposition:

17   ████████████████████████████████████████████████████████████████████████████

18   ██████████████████████████████████████    ██████████████████ (Opp. 27) █████████

19   ████████████████████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████████████████████████

---

23   [7]  The cases Petitioners cite (Opp. 25-26) are not to the contrary, as they concern the arbitrator's
24   broad authority when there is no specific contractual limitation on that authority.  *See U.S. Life Ins.*
       *Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1179 (9th Cir. 2010) ("The arbitration demand
25   submissions granted the panel the authority to award any relief it deemed just and proper.");
       *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 735 (9th Cir. 2006) ("Lucent agreed to
26   arbitrate all issues surrounding Schoenduve's claim for commissions."); *see also Immersion*, 188
       F. Supp. 3d at 969 (not considering remedy issue at all, and noting that defendants did "not dispute
27   that the arbitrator had the authority" at issue).  Petitioners also assert (Opp. 28-29) that courts have
       allowed arbitrators to issue equitable relief, but none of the cases Petitioners cite concern a
28   contractual limitation on that relief. ███████████████████████████████████████████

█████████████████████    Petitioners also err in asserting (Opp. 30) that "the GPs' arguments are essentially inviting the Court to reweigh the evidence." ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

When faced with a "damages limitation . . . inextricably linked to the arbitration provision," this Court exercised *de novo* review of the limitation on the arbitrator's authority. *See Thomas Kinkade Co. v. Hazlewood*, 2007 WL 9812853, at *7 (N.D. Cal. June 6, 2007). Petitioners appear to suggest (Opp. 26 n.13) that *Thomas Kinkade* was incorrect, but they ignore this Court's reasoning that "[a]rbitrators are not free to interpret commercial agreements to give themselves more power than the parties bargained for," 2007 WL 9812853, at *7, which follows from the principle that the arbitrator's authority is for the court to decide absent "clear and unmistakable evidence" that the parties agreed to have the arbitrator decide it, *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (cleaned up). Petitioners do not argue that there is any such clear and unmistakable evidence here that the parties agreed to have the Sole Arbitrator decide his own remedial authority. The investment agreements say nothing in favor of this interpretation, and the ICDR Rules (incorporated by reference in the investment agreements) give the arbitrator authority to decide jurisdiction, *see* Int'l Centre for Dispute Resolution, Int'l Dispute Resolution Procedures, art. 19(1), but notably not his remedial authority, *id.* art. 31, and the ICDR Rules only contemplate interim (not permanent) equitable relief, *see id.* art. 24(1).

In any event, under either the *de novo* standard of *Thomas Kinkade*, or the analysis in *Phoenix Newspapers* and *Coast Trading*—which may not be *de novo* review, but certainly is not the unfettered deference Petitioners seek—the direct conflict with the investment agreements requires vacatur here.

**2.**  ████████████████████████████████

████████████████████████

████████████████████████████████████████████████████

██████████████████████████   (Second Award ¶ 480)   ████████████████

████████████████████████████████████



1 ███████████████████████████████ (Opp. 29) ████████████████████

2 ████████████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████████████

5 ██████████████████████████████ (Opp. 29-30) ████████████████████

6 ████████████████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████ *See*

11 *Pac. Motor*, 702 F.2d at 177 (vacating where "arbitrator disregarded a specific contract provision

12 to correct what he perceived as an injustice," and the award "conflicts directly with the contract").

13 ████████████████████████████████████████████████████████████

14 ██████████████████████████████████████████████████████████ (Opp.

15 30) █████████████████████████████████████████████████████████

16 ███████████████████████████████████████████████ ████████████

17 ███████████████████████████ ████████████████████████████████

18 ████████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████████

23 █████████████████████████████ *See* Mot. 32. ████████████ (Opp. 30 n.15) ██████████

24 ████████████████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████████████

26 ███████████████████████████████████ Second Award ¶ 598(b).

27      Finally, Petitioners fail to defend the egregiousness of the Second Award's departure from

28

1  the parties' agreement. ████████████ (Opp. 5-7) ██████████████████

2  ████████████████████████████████████████████████████████████████

3  ██████████████████████████████ *See* Mot. 16-17. █████████████████

4  ██████████████████████████████████ *See* Mot. 15-16. ████████████

5  ██ (Opp. 31) ██████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████

7  ███████████████████████████████████ (Mot. 11, 32).[8] █████████ (Opp.

8  12, 31) ██████████████████████████████████████████████████████████

9  ███████████████████████████████ ██ the VC industry—an industry that has given rise to

10  countless successful companies and is now a foundation of the American economy.  Mot. 5-6. ██

11  ████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████████

15  █████████████████████████████████████████████████████████. This is the

16  epitome of the "industrial justice" and disregard for the parties' agreement that courts do not and

17  should not accept in an arbitration award.  *See Coast Trading*, 681 F.2d at 1197.

18          **3.**    **Petitioners Fail To Refute That Vacatur On This Ground Requires Remand, And Do Not Dispute That Remand Should Be To A New**

19                 **Arbitrator**

20  ████████████████████ (Mot. 32-34), ████████████████████████████

21  █████████████████████████████████████████████████, and the case

22  remanded to a new arbitrator.[9] ██████████████ (Opp. 32) █████████

23  ─────────────────────

24  [8]  Petitioners assert (Opp. 8 & n.9) that there is no proof of the Funds' success, ██████████████
     █ (Mot. 10-11), ███████████████████████████████████████████████████

25  ████████████████████████████████████ (Mot. 10-11) ███████████████

26  ██████████████████  In addition, Petitioners' suggestion (Opp. 13) that the GPs are
     attempting to delay resolution of this case is meritless.  Petitioners filed their motion to vacate

27  months before it was due and are prepared to argue the motion at this Court's earliest convenience.

28  [9]  To be clear, remand is not required if this Court decides in the GPs' favor on the res judicata
     issue because res judicata would bar all of Petitioners' claims, and there would be nothing left to



1

2

3

4

5

6 (Opp. 32)

7                                                                                                 But the GPs

8 misunderstand the implication of this point:  the arbitrator must decide these issues on remand.

9

10

11

12 Second Award ¶ 593.                               (Opp. 32)

13

14

15                                                                                       (Mot. 16)—

16

17              Dkt. 34-10 at 6-11, but continue to falsely assert in this Court (Opp. 3).

18

19

20

21                                                                                          Order

22 on Application (Dkt. 41-5) ¶ 18.[10]                               (Mot. 33)

23

24

25 ─────────────────
   resolve on remand.  Thus, as the GPs argued (Mot. 2, 19) and Petitioners do not contest, a res
26 judicata ruling would simply require vacatur of the Second Award.

27 [10]                               (Opp. 32-33)

28

1

2      Finally, Petitioners do not dispute that, if there is a remand, the remand should be to a new

3   arbitrator.  The GPs explained (Mot. 33-34) that a new arbitrator is required as a matter of law and

4   in the interests of justice, and Petitioners' silence on this point waives any argument to the contrary.

5      **C.    Petitioners' Request For Attorney's Fees And Costs Should Be Denied As
            Premature And Improper**

6      Petitioners' request for attorney's fees rests on the unfounded expectation that they will

7   prevail in this Court, which they should not for the reasons set forth above.  Moreover, because this

8   Court is yet to decide which party will prevail, Petitioners' request for this Court to grant attorneys'

9   fees to the prevailing party is premature.  Any question regarding whether and to whom attorneys'

10  fees should be awarded should be addressed only after resolution of the instant motion.

11     Regardless, Petitioners' request should be denied as improper because it does not come

12  close to satisfying the requirements of FRCP 54 and Civil Local Rule 54-5(b).  Rule 54 states that

13  "[a] claim for attorney's fees and related nontaxable expenses must be made by motion."  Fed. R.

14  Civ. P. 54(d)(2)(A).  Petitioners raised their request for attorney's fees in their opposition and reply

15  rather than in a motion, and this alone makes their request improper.  Moreover, Petitioners have

16  not met and conferred (or attempted to do so), and have failed to include a statement regarding

17  services rendered and the people who rendered them, as required by Civil Local Rule 54-5(b).  This

18  Court routinely rejects fee requests that have any, let alone all, of these defects.[11]   Thus, the Court

19  should deny Petitioners' request.  The GPs reserve their right to oppose any fee motion that

20  Petitioners may file pursuant to Rule 54 and Civil Local Rule 54-5.

21  **III.   CONCLUSION**

22     The Award should be vacated in its entirety, or, in the alternative, ▇▇▇▇▇▇▇▇▇

23  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

24  ───────────────────

25  [11]   *See Santos v. Minn. Life Ins. Co.*, 2021 WL 5302950, at *9 (N.D. Cal. Nov. 15, 2021) ("Plaintiff has not filed a separate motion for attorneys' fees as required, let alone one that complies with the requirements of the local rules.  Plaintiff has not yet established that she is entitled to an award of

26  fees.  Therefore, plaintiff's request for attorneys' fees is denied without prejudice . . . ."); *J & J Sports Prods., Inc. v. Ortiz*, 2014 WL 1266267, at *1 (N.D. Cal. Mar. 24, 2014) (same); *Nasiri v.*

27  *T.A.G. Sec. Protective Servs. Inc.*, 2021 WL 4226207, at *5 (N.D. Cal. Sept. 16, 2021) ("Failure to comply with this requirement [to meet and confer] is grounds for the Court to deny the motion.").

28

Dated:  January 19, 2022


By:      */s/ David M. Cooper*

Kathleen M. Sullivan (CA Bar No. 242261)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

John M. Potter (CA Bar No. 165843)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David M. Cooper (appearance *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Respondents 1955 Capital Fund
I GP LLC and 1955 Capital China Fund GP
LLC*