UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL INDUSTRIAL INVESTMENT LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>1955 CAPITAL FUND I GP LLC, et al.,<br><br>Defendants. | Case No. 21-cv-08924-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 2, 16, 20, 34, 37, 41, 43, 48, 51, 54, 56, 58, 70, 74, 76, 81, 84, 88, 89, 93, 96, 98 |

Pending before the Court are the parties' administrative motions to file under seal portions of documents submitted in connection with the parties' petition to confirm arbitration award and petition to vacate arbitration award. *See* Dkt. Nos. 2, 16, 20, 34, 37, 41, 43, 48, 51, 54, 56, 58, 70, 74, 76, 81, 84, 88, 89, 93, 96, 98. For the reasons detailed below, the Court **DENIES** the motions.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in

disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.   DISCUSSION**

In addition to the merits of their cross-petitions to confirm and vacate the Second Arbitration Award, the parties have also heavily disputed what—if any—information relating to

the underlying arbitration should be sealed. As part of this process, the parties have filed 22 administrative motions to seal. At bottom, Respondents seek to seal significant portions of the Second Arbitration Award, as well as the briefs and exhibits filed in this case regarding that award. Petitioners do not believe any of this information needs to be filed under seal. The Court therefore considers Respondents' proffered justifications for sealing.

*First*, Respondents ask the Court to seal much of the Second Arbitration Award and references to it temporarily because the information "would tarnish the professional reputation of" and "have irreparable reputational impacts on" Respondents and Andrew Chung, the managing member of Respondents. *See* Dkt. No. 16 at 4. Respondents suggest that the Court should wait until after the Court issues its decision on the parties' cross-petitions before unsealing this information. *See id.* at 5. The Court has since issued its ruling, granting the petition to confirm the final arbitration award. The Court further finds that the Second Arbitration Award is integral to the public's understanding of these proceedings, and should not be sealed.

*Second*, Respondents' only proffered justification for sealing some portions of the documents is that Respondents or third parties designated the information as "confidential." But a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L. R. 79-5(c). "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)). The Court therefore finds that sealing is not warranted on that basis.

*Third*, Respondents appear to rely, at least in part, on Judge Chhabria's order sealing certain information related to an earlier arbitration award in a separate case, *China Fortune Land Development v. 1955 Capital Fund I GP LLC*, 19-cv-07043-VC. Respondents suggest that their sealing requests in this case are "materially similar to those considered—and granted—by Judge Chhabria" because they also "comprise documents produced in discovery, legal and factual

3

submissions based on such discovery documents, expert reports based on such discovery documents, exhibits introduced in the arbitration, and the arbitration hearing transcript." *See* Dkt. No. 34 at 2. Without scouring the record in the separate case, the Court cannot know if the documents that Judge Chhabria sealed in *China Fortune Land Development* contain similar information to those at issue here. Respondents make no attempt to compare the substance of the documents. Rather, they appear to suggest that these cases both "involve[] a private, business dispute between partners . . . ." *Id.* But this case is now in federal court, and is no longer a purely private matter. The fact that these documents were produced in discovery in the underlying arbitration is simply not sufficient reason to seal them as part of this litigation.

*Lastly*, Respondents contend that some of the information should be sealed because it could cause irreparable harm to third-party portfolio companies. They urge that this could, in turn, harm Respondents' ability to develop and maintain relationships with other portfolio companies. But Respondents' reasons for sealing, even if valid, are not tailored to the information they seek to seal. Respondents suggest, for example, that some of the information could reveal portfolio companies' fundraising strategies, but it is not clear how the information Respondents seek to seal is related in any way to such strategies. Respondents also seek to seal information about the arguments raised before the arbitrator about the application of res judicata. *See* Dkt. No. 43-3. This was a key dispute among the parties even in this Court. Yet in support of sealing, Respondents simply assert that this information could cause them "irreparable financial harm." *See* Dkt. No. 43-8 at 3 (proposed order). Such generic allegations of harm are insufficient to support the broad redactions that Respondents propose.

### III. CONCLUSION

The Court **DENIES** the motions to seal. Dkt. Nos. 2, 16, 20, 34, 37, 41, 43, 48, 51, 54, 56, 58, 70, 74, 76, 81, 84, 88, 89, 93, 96, 98. Although the Court believes Respondents are seeking to seal far too much, it is possible that some limited subset of information may warrant sealing. Accordingly, Respondents may file a streamlined motion to seal within 10 days of this order if they can do so consistent with this order. Respondents are cautioned that they must explain with specificity why each document should be kept under seal, what injury will result if sealing is

1    denied, and why a less restrictive alternative to sealing is not sufficient under the circumstances.
2    *See* Civil L.R. 79-5(c)(1).
3    **IT IS SO ORDERED.**
4    Dated:   9/23/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge