UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL INDUSTRIAL INVESTMENT LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>1955 CAPITAL FUND I GP LLC, et al.,<br><br>Defendants. | Case No. 21-cv-08924-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 109, 114, 118, 121, 131, 133, 144, 146, 148, 151, 152 |

Pending before the Court are the administrative motions to file under seal filed by Petitioners Global Industrial Investment Limited and China Fortune Land Development and Respondents 1955 Capital Fund I GP LLC and 1955 Capital China Fund GP LLC. *See* Dkt. Nos. 109, 114, 118, 121, 131, 133, 144, 146, 148, 151, 152. For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motions.

### I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations

omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.   DISCUSSION**

The parties continue to heavily litigate this case and have filed several administrative motions to seal. The parties primarily dispute what information should be sealed relating to the

underlying arbitration and to Respondents' and the Funds' financial information. The Court initially denied over 20 administrative motions to seal related to the Second Arbitration Award, as well as the briefs and exhibits filed in this case regarding the enforcement of that award. Dkt. No. 108. Respondents have filed a renewed motion to seal, and now seek to seal narrower excerpts of these same documents. *See* Dkt. No. 109. The parties also seek to file under seal materials related to the parties' more recent filings, including the motions for attorneys' fees, motion for sanctions, motion to stay judgment pending appeal, and motion to include judgment details. *See* Dkt. Nos. 114, 118, 121, 131, 133, 144, 146, 148, 151, 152.

The Court previously explained that the Second Arbitration Award is integral to the public's understanding of these proceedings, and the Court accordingly applies the compelling reasons standard to Respondents' requests to seal information related to that award and to the enforcement of that award. The Court otherwise applies the good cause standard to those documents related to ancillary and non-dipositive motions.

For some of the administrative motions to seal, Petitioners initially filed motions to consider whether another party's material should be sealed because Respondents previously designated specific documents as confidential. *See* Civil L.R. 79-5(f). However, rather than file a declaration explaining the need for keeping the documents or portions of the documents under seal, Respondents simply filed entirely new administrative motions to seal as to those same materials. Respondents are seeking to seal less information than previously identified. The Court therefore **TERMINATES AS MOOT** Petitioners' initial administrative motions, and only considers Respondents' more narrow requests where appropriate. Dkt. Nos. 121, 133, and 148.

Substantively, many of the excerpts that Respondents seek to seal identify the specific amount of money that Respondents reserved for management fees of the Funds and for litigation expenses, rather than for investing on behalf of the Funds. *See, e.g.*, Dkt. No. 109-4 at 6; *see also* Dkt. No. 109-3 at ¶¶ 383, 420–22, 499, & n.1131. Respondents make no attempt to explain with any level of specificity why such information should remain under seal. The declaration from Andrew Chung, Respondents' managing member, only asserts at a high level that the information Respondents seek to seal "contain[s] highly confidential, competitively sensitive and private

3

information concerning [Respondents'] internal finances and operations, sensitive financial information concerning third-party portfolio companies, and third-party investors." *See* Dkt. No. 109-1 at ¶ 7. The amount of money Respondents reserved for management fees and litigation expenses does not appear to relate in any way to Respondents' proprietary investments or investment strategies. *See id.* at ¶ 17. Moreover, this information was a key point of the analysis in the Second Arbitration Award, in which Arbitrator Arif Hyder Ali concluded that Respondents had breached their fiduciary duties. Similarly, Respondents seek to seal information regarding their bank statements. The specific account numbers are not disclosed in these documents, but they do contain information about some transactions and remaining balances regarding the Funds at issue in this case. Other than a generic explanation that such information is confidential and "competitively sensitive," however, Respondents do not explain how this specific information could cause them competitive harm. *See* Dkt. No. 109 at 2–3; Dkt. No. 109-1 at ¶¶ 7, 15, 17–18. Generic explanations of competitive harm are insufficient to justify sealing this information. Additionally, several of the parties' outstanding motions, including whether sanctions are necessary and whether a stay of judgment is appropriate pending appeal, turn in large part on the current financial status and management of the Funds. These bank statements are thus relevant to the parties' reasoning and the Court's analysis. As the Court previously explained, this case is now in federal court, and is no longer a purely private matter. *See* Dkt. No. 108 at 4. Nevertheless, the Court acknowledges that some of Respondents' bank statements and financial documents identify the amount of money invested in specific companies. The identity of these companies is not, however, relevant to the public's understanding of this case, and this limited amount of information may be sealed.

Respondents also contend that some of the information should be sealed because it could cause irreparable harm to third-party portfolio companies by revealing their internal finances and operations and by identifying third-party individuals affiliated with the portfolio companies. *See* Dkt. No. 109 at 2–4. They urge that this could, in turn, harm Respondents' ability to develop and maintain relationships with other portfolio companies. Although Respondents' arguments are not overly detailed, the Court agrees that the identities of these individuals and the financial

information regarding specific portfolio companies are not necessary for the public's understanding of these proceedings and may remain under seal.

| Document No. Public/ (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| **Dkt. No. 109 – GRANTED IN PART and DENIED IN PART** | | | |
| Dkt. No. 16-7/ (Dkt. 16-4) | Petition to Confirm Arbitration Award | Page 6:3 | **DENIED.** |
| Dkt. 16- 6/ (Dkt. 16-3) | Final Arbitration Award | Portions of: ¶¶ 257, 258, 267, 268, 287, 319, 321, 383, 420, 422, 423, 437, 444, 499, 545, 546, 558  nn. 367, 1131, 1323  ¶¶ 240, 247, 264, 267, 268, 269, 295, 448, 553, 557  ¶¶ 149, 188, 219, 240, 242, 245, 246, 556, 574  nn. 126, 162, 284, 285, 286, 288, 314, 319, 320, 321, 322, 323, 325, 326, 328, 329, 333, 334, 336, 337, 338, 339, 340, 353, 360, 381, 386, 387, 388, 399, 400, 401, 1247, 1250, 1307, 1308, 1311, 1312, 1313, 1319 | **GRANTED IN PART and DENIED IN PART** (Harm to third-party portfolio companies and personnel not involved with this proceeding due in part to disclosure of their internal finances and operations. *See* Dkt. No. 109-1 at ¶¶ 7–15, 18–22.)  **The following excerpts shall remain under seal:**  ¶¶ 240, 247, 264, 267, 268, 269, 295, 448, 553, 557;  ¶¶ 149, 188, 219, 240, 242, 245, 246, 556, 574;  and  nn. 126, 162, 284, 285, 286, 288, 314, 319, 320, 321, 322, 323, 325, 326, 328, 329, 333, 334, 336, 337, 338, 339, 340, 353, 360, 381, 386, 387, 388, 399, 400, 401, 1247, 1250, 1307, 1308, 1311, 1312, 1313, 1319. |

| | | | |
|---|---|---|---|
| Dkt. No. 35/ (Dkt. No. 34-3) | Respondents' Notice of Motion and Motion to Vacate Arbitration Award and Opposition to Petition to Confirm Arbitration Award | Page 11:1 | **GRANTED.** (Harm to third-party portfolio companies based on disclosure of their internal finances and operations. *See* Dkt. No. 109-1 at ¶¶ 7–15, 18–20.) |
| Dkt. No. 35-2/ (Dkt. No. 34-4) | Fact Witness Statement of Andrew Chung | Portions of: <br><br> ¶¶ 140, 148, 149, 150, 151, 154, 155, 156, 158, 169 <br><br> ¶¶ 112, 153 | **GRANTED.** (Harm to third-party portfolio companies and personnel not involved with this proceeding due in part to disclosure of their internal finances and operations. *See* Dkt. No. 109-1 at ¶¶ 7–15, 18–22.) |
| Dkt. No. 35-6/ (Dkt. No. 34-5) | Expert Report of Ilya Strebulaev | Portions of: <br><br> Table 5, Table 7, Table 8 <br> ¶¶ 97 <br> nn. 106, 130 <br> Appendix C.3 <br><br> Table 2, Table 4 <br> Figure 5 <br> nn. 81, 99 <br> Appendix C.4 | **GRANTED.** (Harm to third-party portfolio companies and personnel not involved with this proceeding due in part to disclosure of their internal finances and operations. *See* Dkt. No. 109-1 at ¶¶ 7–15, 18–22.) |
| Dkt. No. 35-8/ (Dkt. No. 34-7) | Second Fact Witness Statement of Andrew Chung | Portions of: <br><br> ¶¶ 6, 7, 48, 49, 64 <br><br> ¶¶ 6, 7, 10, 31, 35, 36, 38, 64 <br> n. 3 <br><br> ¶ 21 | **GRANTED IN PART and DENIED IN PART** (Harm to third-party portfolio companies and personnel not involved with this proceeding due in part to disclosure of their internal finances and operations. *See* Dkt. No. 109-1 at ¶¶ 7–15, 18–22.) <br><br> **The following excerpts shall remain under seal:** <br><br> ¶¶ 6, 7, 10, 31, 35, 36, 38, 64 <br> n. 3 <br><br> ¶ 21 |

6

| | | | |
|---|---|---|---|
| Dkt. No. 35-9/ (Dkt. No. 34-8) | Supplemental Fact Witness Statement of Andrew Chung | Portions of: ¶¶ 2, 3, 4, 6, 7, 8 | **GRANTED.** (Harm to third-party portfolio companies and personnel not involved with this proceeding due in part to disclosure of their internal finances and operations. *See* Dkt. No. 109-1 at ¶¶ 7–15, 18–22.) |
| Dkt. No. 35-11/ (Dkt. No. 34-10) | Respondents' Post-Hearing Brief | Portions of: n. 326 nn. 9, 14 | **GRANTED IN PART and DENIED IN PART** (Harm to third-party portfolio companies based on disclosure of their internal finances and operations. *See* Dkt. No. 109-1 at ¶¶ 7–15, 18–20.) **The following excerpts shall remain under seal:** nn. 9, 14 |
| Dkt. No. 35-18/ (Dkt. No. 34-17) | First Amended Demand for Arbitration | Portions of: ¶ 20 ¶ 40 | **GRANTED IN PART and DENIED IN PART** (Harm to third-party portfolio companies based on disclosure of their internal finances and operations. *See* Dkt. No. 109-1 at ¶¶ 7–15, 18–20.) **The following excerpts shall remain under seal:** ¶ 40 |
| Dkt. No. 43-4/ (Dkt. No. 43-3) | Petitioners' Opposition to Respondents' Motion to Vacate Final Arbitration Award and Reply in Further Support of Petition to Confirm Final Arbitration Award | Page 7:20 Page 31:15 | **DENIED.** |
| Dkt. No. 41-6/ (Dkt. No. 41-7) | Claimant's Post-Hearing Brief | Portions of: pp. 16, 26 ¶¶ 7, 31, 35, 41, 58, 59, 60, 73, 86, | **GRANTED IN PART and DENIED IN PART** (Harm to third-party portfolio companies based on disclosure of their internal finances and operations. *See* Dkt. No. 109-1 |

| | | | |
|---|---|---|---|
| | | 90, 129, 176, 179, 197, 257, 259<br><br>nn. 76, 91<br><br>¶¶ 64, 90 n. 101 | at ¶¶ 7–15, 18–20.)<br><br>**The following excerpts shall remain under seal:**<br><br>¶¶ 64, 90 n. 101 |
| Dkt. No. 41-8/ (Dkt. No. 41-9) | Demand for Arbitration | Portions of:<br><br>¶¶ 9, 33 n. 1 | **DENIED.** |
| Dkt. No. 48-3/ (Dkt. No. 48-2) | Respondents' Reply in Support of Motion to Vacate Arbitration Award | Page 13:24–25 | **GRANTED.** (Harm to third-party portfolio companies based on disclosure of their internal finances and operations. *See* Dkt. No. 109-1 at ¶¶ 7–15, 18–20.) |
| Dkt. No. 74-4/ (Dkt. No. 74-3) | Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction | Pages 2:22–27; 3:1–2; 3:14–16; 4:2–3; 17:4–12 | **DENIED.** |
| Dkt. No. 74-6/ (Dkt. No. 74-5) | Declaration of Patrick Wong in Support of Petitioners' Motion for Preliminary Injunction ("Wong Decl.") | Pages 2:18–21; 2:23–24; 3:7–8; 3:10–11; 4:22–23; 4:27–5:11; 5:13-18 | **DENIED.** |
| (Dkt. No. 70-4) | Exhibit B to Wong Decl. | Entire Document. | **DENIED.** |
| (Dkt. No. 70-5) | Exhibit C to Wong Decl. | Entire Document | **DENIED.** |
| (Dkt. No. 70-6) | Exhibit D to Wong Decl. | Entire Document | **DENIED.** |
| (Dkt. No. 70-7) | Exhibit E to Wong Decl. | Entire Document | **DENIED.** |
| Dkt. No. 81-4/ (Dkt. No. 81-3) | Petitioners' Opposition to Respondents' | Page 3:10–21; 3:23–24 | **DENIED.** |

| | | | |
|---|---|---|---|
| | Motion to Enlarge Time to Respond to Motion for Preliminary Injunction | | |
| Dkt. No. 81-6/ (Dkt. No. 81-5) | Declaration of Jason C. Lo in Support of Petitioners' Administrative Motion to Shorten Time for Hearing and Opposition to Respondents' Motion to Enlarge Time to Respond to Motion for Preliminary Injunction ("Lo Decl.") | Page 1:11–14 | **DENIED.** |
| Dkt. No. 81-8/ (Dkt. No. 81-7) | Exhibit P to Lo Decl. | Portions of Page 1 | **DENIED.** |
| Dkt. No. 81-10/ (Dkt. No. 81-9) | Exhibit Q to Lo Decl. | Portions of Page 1 | **GRANTED** (Excerpts contain actual bank account numbers). |
| Dkt. No. 81-12/ (Dkt. No. 81-11) | Administrative Motion to Shorten Time for Hearing on Motion for Preliminary Injunction | Pages 2:17–20; 2:24–27; 3:12–14 | **DENIED.** |
| Dkt. No. 81-14/ (Dkt. No. 81-13) | Declaration of Andrew Behrman in Support of Petitioners' Administrative Motion to Shorten Time for Hearing And Opposition to Respondents' Motion to Enlarge Time to Respond to Motion for Preliminary Injunction | Page 3:20–22 | **DENIED.** |

| | | | |
|---|---|---|---|
| Dkt. No. 84-2/ (Dkt. No. 84-3) | Respondents' Opposition to Motion for Preliminary Injunction | 6:28–7:1 | **DENIED.** |
| Dkt. No. 84-9/ (Dkt. No. 84-10) | Exhibit C to Declaration of David Cooper in Support of Respondents' Opposition to Motion for Preliminary Injunction | Portions of Pages 1 and 2 | **DENIED.** |
| Dkt. No. 98-3/ (Dkt. No. 98-4) | Reply Brief in Support of Motion for Preliminary Injunction | Pages 1:4–8; 1:12–13; 11:18–22; 12:1–4; 12:14; 12:28–13:1; 13:3–4; 13:10–12; 14:9 | **DENIED.** |
| **Dkt. No. 121 – TERMINATED AS MOOT** | | | |
| Dkt. No. 122/ (Dkt. Nos. 121-1, 121-3, 121-5, 121-7, 121-9, 121-11, 121-13, 121-15, 121-17, 121-19, 121-21, 121-23, 121-25, 121-27, 121-29, 121-31, 121-33) | Petitioners' Motion to Hold Respondents in Contempt & Related Declarations and Exhibits | Excerpts | **TERMINATED AS MOOT** (Respondents are seeking to seal smaller selections of materials per Dkt. No. 131). |
| **Dkt. No. 131 – DENIED** | | | |
| Dkt. No. 131-3/ (Dkt. No. 131-4) | Petitioners' Motion to Shorten Time for Contempt Hearing | Page 2:15 | **DENIED.** |
| Dkt. No. 122-4/ (Dkt. No. 121-9) | Exhibit C to the Declaration of Jason Lo in Support of Petitioners' Motion to Hold Respondents in Contempt | Entire Document | **DENIED.** |
| **Dkt. No. 133 – TERMINATED AS MOOT** | | | |
| Dkt. No. 134/ (Dkt. No. 133-1) | Petitioners' Opposition to | Excerpts | **TERMINATED AS MOOT** (Respondents are seeking to seal smaller selections of |

10

| | | | |
|---|---|---|---|
| | Respondents' Motion for Attorneys' Fees | | materials per Dkt. No. 144). |
| **Dkt. No. 144 – DENIED** | | | |
| Dkt. No. 142-3/ (Dkt. 142-4) | Petitioners' Opposition to Respondents' Motion for Attorney's Fees | Page 12:3–4 Page 13:26 | **DENIED.** |
| **Dkt. No. 148 – TERMINATED AS MOOT** | | | |
| Dkt. No. 149 and Dkt. No. 149-1/ (Dkt. No. 148-1 and Dkt. No. 148-3) | Petitioners' Opposition to Respondents' Motion to Stay Judgment Pending Appeal and Declaration in Support of Opposition | Excerpts | **TERMINATED AS MOOT** (Respondents are seeking to seal smaller selections of materials per Dkt. No. 151). |
| **Dkt. No. 151 – GRANTED IN PART AND DENIED IN PART** | | | |
| Dkt. 151-3/ (Dkt. 151-4) | Petitioners' Opposition to Respondents' Motion to Stay Judgment Pending Appeal | Page 12:12, 12:19–22, & n.6 Page 13:3–4 Page 16:1–4, 16:8, 16:11 Page 18:12, 18:22 | **DENIED.** |
| Dkt. 151-5/ (Dkt. 151-6) | Declaration of Patrick Wong in Support of Petitioners' Opposition to Respondents' Motion to Stay Judgment Pending Appeal | Page 2:4–6, 2:15–16, 2:22–23 Page 3:10, 3:20, 3:21 Page 4:6, 4:19, 4:23 Page 5:1–3, 5:5–6, 5:9–23, 5:25–27 Page 6:1, 6:3–7, 6:10, 6:12 | **GRANTED IN PART AND DENIED IN PART.** (Excerpts contain actual bank account numbers). **The following excerpts shall remain under seal:** Page 4:19, 4:23, 5:3, 5:6, 5:9, 6:7, 6:10, 6:12 |
| **Dkt. No. 152 – GRANTED IN PART AND DENIED IN PART** | | | |
| Dkt. No. 153-2/ (Dkt. No. 152-4) | Exhibit A to Cooper Declaration in Support of Reply in Support of Motion to Stay Judgment Pending Appeal | Entire Document | **GRANTED IN PART AND DENIED IN PART.** (Only the identities of the companies invested in may remain under seal to prevent harm based on disclosure of their internal finances and operations.) |
| Dkt. No. 153-3/ (Dkt. No. 152-6) | Exhibit B to Cooper Declaration | Entire Document | **GRANTED IN PART AND DENIED IN PART.** (Only the identities of the companies |

11

| | | | |
|---|---|---|---|
| | in Support of Reply in Support of Motion to Stay Judgment Pending Appeal | | invested in may remain under seal to prevent harm based on disclosure of their internal finances and operations.) |

As indicated in the table below, the parties also seek to seal information related to their respective motions for attorneys' fees. *See* Dkt. Nos. 115, 117. Specifically, counsel seek to seal information regarding the discount they have provided the parties in this case on their billing rates. The Court accepts the parties' arguments that such information is individually negotiated and could cause them competitive harm if made public. The Court applies the good cause standard and **GRANTS** the motions.

| Document No. Public/ (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| **Dkt. No. 114 – GRANTED** | | | |
| Dkt. No. 115/ (Dkt. No. 114-4) | Petitioners' Motion for Attorneys' Fees and Costs | Page 12:15–16 Page 14:1 | **GRANTED** (Contains confidential and proprietary attorney billing and discount rates that could cause competitive harm to counsel, and prejudice billing arrangements with both existing and prospective clients). *See* Dkt. No. 114-1; Dkt. No. 114-2. |
| Dkt. No. 115-1/ (Dkt. No. 114-6) | Declaration of Cheryl Cauley in Support of Petitioners' Motion for Attorneys' Fees and Costs | Portions of ¶¶ 9, 12, 15, 18, and 21 | **GRANTED** (Contains confidential and proprietary attorney billing and discount rates that could cause competitive harm to counsel, and prejudice billing arrangements with both existing and prospective clients). *See* Dkt. No. 114-1. |
| Dkt. No. 115-3/ (Dkt. No. 114-8) | Declaration of Jason C. Lo in Support of Petitioners' Motion for Attorneys' Fees and Costs | Portions of ¶¶ 7 and 24, and the table in ¶ 24. | **GRANTED** (Contains confidential and proprietary attorney billing and discount rates that could cause competitive harm to counsel, and prejudice billing |

| | | | |
|---|---|---|---|
| | | | arrangements with both existing and prospective clients). *See* Dkt. No. 114-2. |
| **Dkt. No. 118 – GRANTED** | | | |
| Dkt. No. 117-1/ (Dkt. No. 118-3) | Declaration of David M. Cooper in Support of Motion for Attorney's Fees | Page 1:17 Page 2:4, 2:8, 2:14 | **GRANTED** (Contains confidential and proprietary attorney billing and discount rates that could cause competitive harm to counsel, and prejudice billing arrangements with both existing and prospective clients). *See* Dkt. No. 118-1; Dkt. No. 118-2. |

Petitioners also filed an administrative motion to consider whether another party's materials should be sealed as it relates to their reply in support of the motion to hold Respondents in contempt, and accompanying documents. *See* Dkt. No. 146. Petitioners note that these documents contain information that Respondents previously designated as confidential. *See id.* at 1. However, Respondents did not comply with Civil Local Rule 79-5(f)(3), because they did not file a declaration within seven days of the motion explaining the need for keeping the documents under seal. *See* Civ. L.R. 79-5(f)(3); *see also* Civ. L.R. 79-5(c)(1). The Court finds that sealing is therefore not warranted as to those documents.

| Document No. Public/ (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| **Dkt. No. 146 – DENIED** | | | |
| Dkt. No. 146-2/ (Dkt. No. 146-1) | Petitioners' Reply in support of Motion to Hold Respondents in Contempt | Page 2:12–13 Page 10:14–22 Page 13:24–26 | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(f)(3).) |
| Dkt. No. 146-5/ (Dkt. No. 146-4) | Exhibit A to Petitioners' Reply in support of Motion to Hold Respondents in Contempt | Entire document | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(f)(3).) |

13

**III.   CONCLUSION**

The Court **GRANTS IN PART** and **DENIES IN PART** the parties' administrative motions to file under seal:

- Dkt. No. 109 is **GRANTED IN PART** and **DENIED IN PART**;
- Dkt. Nos. 114 and 118 are **GRANTED**;
- Dkt. No. 121 is **TERMINATED AS MOOT**;
- Dkt. No. 131 is **DENIED**;
- Dkt. No. 133 is **TERMINATED AS MOOT**;
- Dkt. No. 144 is **DENIED**;
- Dkt. No. 146 is **DENIED;**
- Dkt. No. 148 is **TERMINATED AS MOOT**;
- Dkt. No. 151 is **GRANTED IN PART AND DENIED IN PART**;
- Dkt. No. 152 is **GRANTED IN PART AND DENIED IN PART**.

Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied, as indicated in the charts above, within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated:   9/20/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge